FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 20, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION, an Ohio corporation,<br><br>       Plaintiff,<br><br> v.<br><br>SIERRA PETROLEUM, INC, a Washington corporation; and DUSTIN R. RAMSEY, a Washington resident,<br><br>       Defendants. | NO: 1:18-CV-3242-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

  BEFORE THE COURT is Plaintiff's Motion for Default Judgment, ECF No. 10. On May 14, 2020, the Court issued an Order holding the instant Motion in abeyance. ECF No. 11. The Court concluded that, while default judgment is appropriate, Plaintiffs had not provided sufficient documentation to support the damages alleged in their verified complaint. In response, Plaintiffs provided documentation to support their alleged damages, as well as their request for

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 1

1  attorney's fees and costs.  The Court has reviewed the supporting documentation and
2  is fully informed.

3      The Court already has discussed the merits of Plaintiff's Motion for Default
4  Judgment and found that entering default judgment is appropriate here.  *See* ECF
5  No. 11.  Upon review of Plaintiff's supplemental documentation, the Court finds
6  that Plaintiff has established that Defendants Sierra Petroleum, Inc. and Dustin R.
7  Ramsey are in arrears to Plaintiff in the amount of $298,698.46.  This figure
8  consists of the $250,000 principal loan amount, $45,325.34 in interest, and
9  $3,373.12 in late charges and annual administration fees which have accrued over
10  1,371 days.  *See* ECF No. 12-1 at 2.

11      Pursuant to Federal Rule of Civil Procedure 54(c), "A default judgment must
12  not differ in kind from, or exceed in amount, what is demanded in the pleadings."
13  Fed. R. Civ. P. 54(c).  The Court acknowledges that the amount Plaintiff seeks is
14  greater than the amount listed in the complaint, which was $268,185.60.  However,
15  because the complaint requested "accruing interest and fees," in addition to the
16  specific amount listed, the Court finds that the judgment amount requested by
17  Plaintiff does not violate Rule 54(c).  *See Merrifield v. Miner's Inn Restaurant &*
18  *Lounge*, 2006 WL 4285241, at *3 (E.D. Cal. Sept. 25, 2006) ("It has been held that
19  where a type of damages is requested in the complaint in an amount to be proved,
20  but the amount is not specified, recovery in excess of an amount stated is
21  permitted.") (citing *Henry v. Sneiders*, 490 F.2d 315, 317 n.2 (9th Cir. 1974)).

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 2

1   Plaintiff's complaint also requests reasonable attorney's fees and costs. ECF
2   No. 1 at 6. Plaintiff's attorney has submitted a declaration, supporting $1,645.00
3   in costs and $2,543.00 in attorney's fees. ECF No. 12. Reasonable attorney's fees
4   generally are determined by the "lodestar" calculation method in which the Court
5   first determines a reasonable fee by multiplying the "the number of hours
6   reasonably expended on the litigation" by "a reasonable hourly rate," *Hensely v.*
7   *Eckerhart*, 461 U.S. 424, 433 (1983), and, second, determines whether the lodestar
8   amount should be adjusted by any extenuating factor contemplated in *Kerr v.*
9   *Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

10  Plaintiff's request for attorney's fees seeks the lodestar amount for the
11  attorney and paralegals that worked on this case. The Court finds that the hourly
12  rates are reasonable in light of the many fee requests this Court has reviewed.
13  However, the Court will not allow Plaintiff to collect attorney's fees for hours
14  spent responding to the Court's Order to provide supplemental documentation.
15  This documentation should have been submitted with the Motion for Default
16  Judgment. Accordingly, the Court awards $2,201.00 in attorney's fees.

17  Finally, Plaintiff's requested legal expenses and costs also are specified in
18  counsel's declaration and appear consistent with necessary expenses to secure
19  relief for Plaintiff in this action. *See* ECF No. 12.

20  Accordingly, **IT IS HEREBY ORDERED**:
21  1. For the reasons stated in the Court's Order at ECF No. 11, Plaintiff's

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 3

Motion for Default Judgment, **ECF No. 10**, is **GRANTED**.

2. **Default judgment shall be entered** against Defendants in the amount of $302,544.46. As outlined in this Order, this total amount includes the principal loan amount, interest and fees on the loan, attorneys' fees, and costs. Defendants are jointly and severally liable.

3. Post-judgment interest shall be allowed as provided in 28 U.S.C. § 1961.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close this case**.

**DATED** July 20, 2020.

          *s/ Rosanna Malouf Peterson*
         ROSANNA MALOUF PETERSON
           United States District Judge